IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Plaintiff,

    v.                                                                                    No. CV 14-0891 JH/SCY

NEW MEXICO STATE POLICE
"JON DOE OFFICERS,"
UNIVERSITY OF NEW MEXICO HOSPITAL
"JON DOE DOCTORS,"
VALENCIA COUNTY DETENTION CENTER
"JON DOE ADMINISTRATORS,"

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Tort Claim (Doc. 1-2) (the "complaint"). Plaintiff filed the complaint in the New Mexico Second Judicial District Court on August 21, 2014, and Defendant Valencia County Detention Center removed it to this Court on October 3, 2014. Defendant paid the filing fee. Plaintiff is incarcerated and appears pro se; he was found indigent by the state court (Doc. 1-3 p. 5). On review of Plaintiff's financial documents filed in the state court action, the Court will grant him leave to proceed under 28 U.S.C. § 1915. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This removed complaint's allegations arise from events that occurred in 2010. Certain Defendants transported Plaintiff from the scene of an automobile accident without necessary medical treatment, and others conducted an illegal body-cavity search. Plaintiff also alleges that, after the 2010 events and until recently, the New Mexico Thirteenth Judicial District Court violated his rights to a speedy trial in a criminal proceeding, subjecting him to unlawful incarceration at Valencia County Detention Center. He contends that Defendants' actions violated certain of his constitutional protections. The complaint seeks damages.

As noted above, Plaintiff filed this complaint in the New Mexico Second Judicial District Court on August 21, 2014, and Defendant removed the complaint to this Court. Previously, on November 8, 2012, Plaintiff filed in this Court a complaint (and amendments) under 42 U.S.C. § 1983 in *Kirk v. University of New Mexico Hospital, et al*, No. CV 12-1157 JP/WPL. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's records); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996). Although the complaints in these two actions are not identical in form, they name the same parties and assert injuries resulting from the same alleged events and conduct by Defendants. In the earlier action, all but two Defendants have been

dismissed. The Court notes that, in his response (Doc. 7) to Defendant's motion to dismiss the instant action, Plaintiff asks for reinstatement of Defendants from the earlier case.

Plaintiff's complaint will be dismissed under the doctrine that prohibits splitting of a plaintiff's claims.

> District courts have discretion to control their dockets by dismissing duplicative cases. 'As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.' Long ago, the Supreme Court captured the general principle regarding claim-splitting: '[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.' We have noted that 'more recent cases analyze claim-splitting as an aspect of res judicata.' 'A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions.'
> . . . .
> [T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation.
> . . . .
> A dismissal on res judicata grounds can stop a case in its tracks; a plaintiff is precluded from asserting a claim. . . . But with a dismissal on claim-splitting grounds, by its nature, the dismissed party is involved in another pending suit regarding the same subject matter against the same defendants.

*Katz v. Gerardi*, 655 F.3d 1212, 1217-19 (10th Cir. 2011) (internal citations omitted). *Cf. Kanciper v. Suffolk County Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 92 (2d Cir. 2013) (distinguishing situation where parallel state court case remains pending). The Court has reviewed Plaintiff's pleadings in these two actions and finds them duplicative. Under the analysis in *Katz*, the Court will dismiss the complaint in this action.

The Court notes that Plaintiff's complaint contains allegations against the New Mexico Thirteenth Judicial District Court but does not name that court as a party. Plaintiff alleges that the state court denied him a speedy trial. It is assumed, for purposes of this order only, that this claim may have survived the claim-splitting bar. *See Mid-Continent Cas. Co. v. True Oil Co.*, --- F.3d

----, ----, 2014 WL 4637956, at *4 (10th Cir. Sept. 18, 2014) (ruling that a claim that "did not *exist*" during earlier action was not precluded) (italics in original).  This claim is barred nonetheless by the state judge's absolute judicial immunity, *see Wiggins v. N.M. State Supreme Court Clerk*, 664 F.2d 812, 814-15 (10th Cir. 1981), and because the state court itself is not a " 'person[]' within the reach of § 1983 . . . [and] '§ 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  Furthermore, even if Plaintiff could state a viable claim against an appropriate defendant for denial of his right to a speedy trial, he could not bring the claim in a civil rights action unless he had already obtained relief from his conviction in a habeas corpus proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Glaser v. City and County of Denver, Colo.*, 557 F. App'x 689, 701 (10th Cir. 2014).   The Court will dismiss this apparent claim without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's apparent claim of denial of his speedy trial rights is DISMISSED without prejudice; otherwise, Plaintiff's complaint in this action is DISMISSED with prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE